IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02462-MSK-SKC

**C. W., a minor, by and through his parent B. W. and C.B.**

Plaintiff,

v.

**DENVER COUNTY SCHOOL DISTRICT NO. 1**

Defendant.

_____

### MOTION FOR ATTORNEY FEES
_____

C.W., a minor, by and through his parent B.W. and C.B,, through counsel Spies, Powers & Robinson, P.C., submits the following Motion for Attorney Fees.

### CERTIFICATE OF CONFERRAL

The undersigned conferred with opposing counsel about the relief requested in this Motion. Defendant objects to the motion for attorney fees.

### INTRODUCTION

By Opinion and Order dated September 25, 2019 (Doc. No. 62)(Decision) this Court reversed the Administrative Law Judge's (ALJ) decision and remanded the case for a determination of the appropriate relief due Plaintiff. The Court also dismissed Plaintiff's non-IDEA claims for failure to exhaust administrative remedies. Plaintiff substantially prevailed for purposes of 20 U.S.C. § 1415(i)(3)(B) and is, therefore, entitled to an award of reasonable attorney fees. As detailed in the

1

Affidavit filed contemporaneously herewith, Plaintiff is seeking an award of attorneys fees in the amount of $73,805.00.

## ARGUMENT

The Individuals With Disabilities Education Act ("IDEA") provides that in any action brought under the IDEA, a court may award reasonable attorneys' fees "to a prevailing party who is a parent of a child with a disability." 20 U.S.C. §1415(i)(C)(3)(B)(i)(I).   Thus, in order to recover attorney fees, the parent of a child with a disability must prove two elements: 1) that they were the prevailing party in the proceeding; and 2) that the attorney fee request is reasonable. *Id.*

**I.    Plaintiff Is a Prevailing Party for Purposes of Awarding Attorney Fees under the IDEA.**

A party prevails for attorneys fees if the plaintiff succeeds on "any significant issue in litigation which achieved some of the benefit the parties sought in bringing suit." *See, e.g.*, *Texas State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791-792 (1989)(citations omitted). The determination of a "prevailing party" is not dependent on a calculation of the number of claims decided in plaintiff's favor or the amount of relief obtained. *Id.* Rather, the determination is whether the plaintiff succeeded on any significant issue and achieved some of the relief sought. *Id.* Thus it is irrelevant, at least to the "prevailing party" determination that this Court dismissed Plaintiff's non-IDEA claims.

For purposes of §1415(i)(C)(3)(B)(i)(I), "the parents prevail when actual relief on the merits of the child's claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *M.S. v. Utah Sch. for the Deaf &*

*Blind*, 822 F.3d 1128, 11136 (10th Cir. 2016), *quoting Miller ex rel. S.M. v. Bd. of Educ. of the Albuquerque Pub. Schs.*, 565 F.3d 1232, 1247 (10th Cir. 2009).  That is, a party seeking fees under the IDEA "'prevails' whenever (1) the party obtains relief, and (2) there is a causal connection between the filing of the litigation or administrative proceeding and the relief obtained." *J.C. v. Reg'l Sch. Dist. 10, Bd. of Educ.*, 278 F.3d 119, 123 (2nd Cir. 2002).

The primary issue in this civil action was whether the 2016 IEP developed by the School District offered C.W. a free appropriate public education (FAPE) as required by the IDEA.  The relief sought by C.W. was the reversal of the ALJ's decision, compensatory relief as allowed by law, and attorney fees and costs.  *See* First Amended Complaint and Jury Demand (Doc. No. 16, p. 25). This Court reversed the ALJ's decision and remanded to the ALJ for a determination of the relief due Plaintiff.  Therefore, C.W. is the prevailing party in this action brought under the IDEA.[1]

## II.    Plaintiff's Request for Attorney Fees is Reasonable.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The product of the number of attorney hours reasonably spent and a reasonable hourly rate is the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998).  When "the applicant . . . has carried his burden of showing that the claimed rate and number of hours are reasonable, the resulting product is presumed to be the reasonable fee

---

[1] The parents filed their due process complaint *pro se* and were not represented by counsel at the administrative hearing.  Therefore, they are not seeking the recovery of fees or costs from that proceeding.

3

contemplated by 1988." *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

The following is a summary identifying the attorney and the paralegal who, together, represented the Plaintiff, with each individual's hourly rate, total hours expended and the ultimate lodestar amount that Plaintiff requests.[2]

| Timekeeper | Title | Time Billed | Hourly Rate | Total |
|---|---|---|---|---|
| Jack D. Robinson | Partner | 204.9 | $350.00 | $71,715.00 |
| Mary C. Lakey | Paralegal | 20.9 | $100.00 | $2,090.00 |

The number of hours billed and the hourly rates provided are reasonable, establishing a reasonable lodestar value for the fee award. The reasonableness of these rates and the time for which compensation is sought is demonstrated through the Affidavit of Jack D. Robinson attached hereto.

A.   **The Requested Hourly Rates for Plaintiff's Attorney and Paralegal Are Reasonable.**

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case by Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1256 (10th Cir. 1998).  When considering the hourly rates of lawyers in private practice, the attorney's customary rate charged to paying clients is an important factor. *Ramos v. Lamm*, 713 F.2d 546, 555 (10th Cir. 1983).

---

[2] A detailed listing of the date, time and description of each task billed is included in the Affidavit attached hereto.

Two people worked on this case on behalf of Plaintiff - Jack D. Robinson (attorney) and Mary C. Lakey (paralegal). The hourly rate for Jack D. Robinson is $350.00 per hour. The hourly rate for Mary C. Lakey is $100.00 per hour. As reflected in the attached Affidavit, Jack Robinson graduated from law school in 1982 and has been an attorney for 27 years. He co-founded Spies, Powers & Robinson, P.C. in 1997 and has specialized in special education law for the last 22 years. Mary C. Lakey received her bachelor of science degree from Eastern Oregon University and a graduate certificate in Paralegal Studies from Duke University in 2017. Ms. Lakey has been employed with Spies, Powers & Robinson, P.C. as a paralegal - specializing in special education law - for two and a half years.

The hourly rates billed by the undersigned and his paralegal are the standard hourly rates currently being charged to clients of Spies, Powers & Robinson, P.C. for IDEA related cases, have been the standard hourly rates for this type of work for the last five years, and are rates that are paid by the clients for the legal services. Further, the undersigned has always used these hourly rates in fee requests to school districts, when circumstances warrant the recovery of attorney fees, and no school district has ever objected to the reasonableness of these hourly rates.

    **B.**     **The Time for Which Plaintiff Seeks Compensation Was Reasonably Expended in this Litigation.**

Included in the Affidavit attached to this Motion is a detailed listing of all of the time expended in this litigation along with a detailed description of each task billed. Given undersigned counsel's specialized experience in IDEA litigation, the time expended is greatly lower than what a civil litigation attorney with the same years of experience would have expended in litigating this

case. There is no duplication of efforts, there is no time charged for matters extraneous to the core issues in this case, and the time listed is the actual time expended for the given task. On its face, the time expended is reasonable.

### III. Plaintiff's Attorney Fees Should Not Be Reduced Because the District Court Dismissed Plaintiff's Non-IDEA Claims.

"Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised." *Hemsley*, 461 U.S. at 440.

In its Decision, the Court noted that "This case nominally involves cross motions for summary judgment" and recognized that the non-IDEA claims were based on the same facts as the administrative appeal. Decision, pp. 13 & 15 ("As noted, C.W. concedes that the facts underlying the IDEA claim and the non-IDEA claims are the same.").

While the non-IDEA claims that were dismissed by this Court sought relief that was potentially unavailable under the IDEA, the claims involved the same facts and the same conduct by the School District. The factual basis for the claims were raised at the administrative hearing, but the legal claims were not identified as such.

All of Plaintiff's claims were related to the same facts and conduct that was submitted to the ALJ for determination and that is contained in the administrative record before this Court. Therefore, Plaintiff's attorney fees should not be reduced on the basis that this Court dismissed Plaintiff's non-IDEA claims.

### IV. C.W. Is Entitled To An Award of Attorney's Fees Regardless of Whether The School District Decides to Appeal the District's Decision.

The term "prevailing party" is not solely limited to the party that prevails at the conclusion of the litigation. Rather, the Supreme Court has explained that "a prevailing party must be one who has succeeded on any significant claim affording it some of the relief sought, either *pendente lite* or at the conclusion of the litigation." *Texas State Teachers Ass'n*, 489 U.S. at 791. "In discussing the availability of fees *pendente lite* under §1988, we have indicated that such awards are proper where a party 'has established his entitlement to some relief on the merits of his claims, either in the trial court or on appeal.'" *Id.* 792-3 (1989)(quoting *Hanrahan v. Hampton*, 446 U.S. 754, 757 (1980))(emphasis added).

Tenth Circuit precedent specifically supports the award of interim attorney's fees despite the pendency (or potential pendency) of an appeal on the issue being litigated: "[L]egislative history makes clear Congressional intent to allow awards of attorney fees prior to final judgment." *Kopunec v. Nelson*, 801 F.2d 1226, 1228 (10th Cir. 1986). "[T]he phrase "prevailing party" should not be limited to a victor only after entry of a final judgment following a trial on the merits . . . . A fee award may thus be appropriate where the party has prevailed on an interim order . . . which was central to the case . . . ." *Id.* (citations omitted).

The purpose of fee-shifting provisions is to ensure the "vigorous enforcement" of civil rights. *City of Riverside v. Rivera*, 477 U.S. 561, 578 (1986). As the Courts have noted, the burden on private citizens who seek to enforce their rights is significant. "There is a danger that litigants will be discouraged from bringing such suits because of the risks of protracted litigation and the extended financial drain represented by such a risk. An award of interim attorney fees will prevent extreme cash-flow problems for plaintiffs and their attorneys." *James v. Stockham Valves and Fittings Co*,

559 F.2d 310, 358-59 (5th Cir. 1977).  As the Supreme Court has noted, "To delay a fee award until the entire litigation is concluded would work a substantial hardship on plaintiffs and their counsel, and discourage the institution of actions .…" *Bradley v. School Bd. of City of Richmond*, 416 U.S. 696, 723 (1974).  In addition to the danger that citizens will be entirely unable to seek enforcement of their civil rights, there is also the danger the defendants will be "tempted to seek a victory through an economic war of attrition against the plaintiffs." *Stockham Valves* at 359.  The availability of an interim fee award is intended to protect against just that danger.

In *Jefferson County Sch. Dist. v. Elizabeth E.*, the court held that the parents who had prevailed against the school district in a due process hearing regarding educational placement issues were entitled to an interim award of attorney's fees despite the pendency of an appeal by the school district.  862 F. Supp. 2d at 1138 ("The court finds [the school district's] argument that the [parents] would not be prejudiced if the court postpones a decision on attorney fees to be incredible.");

In *Taylor F. v. Arapahoe County Sch. Dist. 5*, 954 F. Supp. 2d 1197, 1204 (D.Colo. 2013), the court granted the parent's motion for attorney fees where the ALJ ruled in the parent's favor on the appropriateness of the child's educational placement, regardless of the pendency of the school district's appeal.  The court cited other cases that had reached similar conclusions.  *See, e.g., K.R. ex rel. M.R. v. Bd. of Educ. of Brentwood Union Free Sch. Dist.*, 66 F. Supp. 2d 444, 450 (E.D.N.Y. 1999) ("Although enforcement of the IDEA's stay-put provision ordinarily amounts to no more than preservation of the status quo, where the petition also seeks a substantive determination of which educational placement should be applied under the stay-put provision, the petitioner has requested relief on the merits.") (internal quotation marks omitted); *Bayonne Bd. of Educ. v. R.S. ex rel. K.S.*,

954 F. Supp. 933, 943 (D.N.J. 1997) (attorneys' fees awarded where court made a substantive determination of which educational placement should be applied under stay-put provision in light of terms of settlement agreement); *Student X v. N.Y.C. Dep't of Educ.*, 2008 U.S. Dist. LEXIS 88163 (E.D.N.Y. Oct. 30, 2008) ("Plaintiff did not seek merely to maintain the status quo, but litigated a substantive dispute over which placement applied.").

The "vigorous enforcement" of a disabled child's civil rights places a heavy burden on the resources of a family already saddled with the additional expenses of raising a child with a disability. The intent of the fee shifting provision in the IDEA was to allay the burden and promote the enforcement of the Act.  In this case, C.W.'s parents have endured protracted and expensive litigation, substantially prevailed on the merits, and achieved both a material alteration in its legal relationship with the School District and a significant benefit.  The Parents have obtained substantial relief available to them under the IDEA - a determination that the School District's IEP was inappropriate and in violation of the IDEA - a remand for a determination of relief.

## CONCLUSION

Based on the foregoing reasoning and authority, Plaintiff seeks an award of attorney fees in the amount of $73,805.00.

Respectfully submitted on October 9, 2019,

**SPIES, POWERS & ROBINSON, P.C.**

*/s/  Jack D. Robinson*
_____
Jack D. Robinson, #22037
950 South Cherry Street, Suite 700
Denver, Colorado 80246
Telephone: (303) 830-7090
Facsimile:  (303) 830-7089
**Attorneys for Plaintiffs**

### CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Semple, Farrington & Everall, P.C.
Michael Brent Case
Darryl L. Farrington
Robert Montgomery
1120 Lincoln Street, Suite 1308
Denver, CO 80203
bcase@semplelaw.com
dfarrington@semplelaw.com
rmontgomery@semplelaw.com
*attorneys for Defendant*

*s/ Mary Lakey*
_____