IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-02462-MSK-SKC

**C. W., a minor, by and through his parent B. W. and C.B.**

Plaintiff,

v.

**DENVER COUNTY SCHOOL DISTRICT NO. 1**

Defendant.

---

### AFFIDAVIT OF JACK D. ROBINSON

---

      1.     I am an attorney duly licensed to practice law in the state of Colorado.  I am submitting this declaration in support of Plaintiff's Motion for Attorneys Fees.

      2.     In this declaration, I will first discuss my legal education and legal experience.  I will then discuss the time that I personally expended in connection with this litigation, as well as my exercise of billing judgment that has substantially reduced the amount of time for which I seek compensation.

### Legal Education and Legal Experience

      3.     I graduated from the University of Denver College of Law in 1992.  I was also a member of the University of Illinois Law Review.

      4.     I became a member of the Colorado Bar on October 15, 1992, and am admitted to practice in the Colorado Court of Appeals, Colorado Supreme Court, United States District Court

1

for the District of Colorado, the Tenth Circuit Court of Appeals, and the United States Supreme Court.

5.      In October 1992, I became an associate attorney at Burg & Eldredge, P.C., n/k/a Burg, Simpson, Eldredge, Hersh, Jardine, P.C. My primary responsibilities included civil litigation and appellate work in civil cases.

6.      In January 1997, I co-founded the law firm of Spies, Powers & Robinson, P.C. with Janet R. Spies and Brendan O. Powers.  Soon after the founding of Spies, Powers & Robinson, P.C. I began representing parents of children with disabilities and have concentrated a large part of my legal practice to special education law and educational discrimination cases under the Individual with Disabilities Education Act, Section 504 of the Rehabilitation Act and the Americans with Disabilities Education Act.

7.      Over the past two decades, I have represented parents of children with disabilities in numerous administrative hearings under the IDEA, civil actions and appeals to the U.S. District Court and the Tenth Circuit Court of Appeals.  I was the counsel for the parents in *Endrew F. v. Douglas Cty. Sch Dist. RE-1*, 137 S. Ct. 988 (2017), a case decided by the United States Supreme Court in favor of the parents and which established for the first time a substantive standard for determining a disabled student's right to a free appropriate public education under the IDEA.  The following is a sampling of special education and disability related cases in which I have been counsel for the parents (from most recent to oldest):[1]

---

[1]  This list does not include the associated administrative hearings or the administrative hearings that did not involve an appeal to the U.S. District Court

- *G.W. v. Boulder Valley Sch. Dist.*, 2019 U.S. Dist. LEXIS 159007 (D. Colo. Sept. 8, 2019);

- *Elizabeth B. v. El Paso Cty. Sch. Dist. 11*, 2019 U.S. Dist. LEXIS (D. Colo. Aug. 12, 2019);

- *Nathan M. v. Harrison Sch. Dist. No. 2*, 2018 U.S. Dist. LEXIS 210138 (D. Colo. Dec. 12, 2018);

- *Matthews v. Douglas Cty. Sch. Dist. RE 1*, 2018 U.S. Dist. LEXIS 171421 (D. Colo. Oct. 4, 2018);

- *Endrew F. v. Douglas County School District RE 1*, 137 S. Ct. 988 (2017);

- *Endrew F. v. Douglas County School District RE 1*, 798 F. 3d 1329 (10th Cir. 2015);

- *Endrew F. v. Douglas County School District RE 1*, 2014 U.S. Dist. LEXIS 128659 (D. Colo. Sept. 15, 2014);

- *Zachary G. v. Sch. Dist. No. 1 for the City & Cnty. of Denver*, 2016 U.S. Dist. LEXIS 138323 (D. Colo. Oct. 5, 2016);

- *C.S. v. Platte Canyon Sch. Dist. No. 1*, 2014 U.S. Dist. LEXIS 134450 (D. Colo. May 19, 2014);

- *A.B. v. Adams-Arapahoe 28J Sch. Dist.*, 831 F.Supp. 2d 1226 (D.Colo. 2011);

- *Thompson R2-J Sch. Dist. v. Luke P.*, 540 F.3d 1143 (10th Cir. 2008);

- *Thompson R2-J Sch. Dist. v. Luke P.*, 2007 U.S. Dist. LEXIS 47043 (D. Colo. June 27, 2007);

- *Chase v. Mesa County Valley Sch. Dist. No. 51*, 2009 U.S. Dist. LEXIS 84671 (D.

Colo. Sept. 17, 2009)

- *Rost v. Steamboat Springs RE-2 Sch. Dist.*, 511 F.3d 1114 (10th Cir. 2008)

- *Rost v. Steamboat Springs RE-2 Sch. Dist.*, 2006 U.S. Dist. LEXIS 82041 (D. Colo. Nov. 9, 2006).

8.      I have been a frequent lecturer on the Individual with Disabilities Education Act and have been a presenter (both paid and unpaid) at numerous conferences around the country on the educational rights of children with disabilities and their parents.  I have also written numerous articles and white papers on the subject.

9.      My extensive experience in litigating special education cases under the IDEA provided valuable background for this case.

10.      I am seeking compensation at the rate of $350 per hour for myself and $100 per hour for my paralegal, Mary C. Lakey.  I arrived at this rate after consultation in 2014 with a number of attorneys who practice in the Denver area and who similarly represent parents of children with disabilities in IDEA cases.  I have been charging my clients these same rates since 2015 and my clients - when they do pay - have paid at these rates.  I have submitted many fee requests to school districts in the settlement of cases (at various stages of litigation), and no school district has contested the reasonableness of my hourly rate.

**Hours Reasonably Expended in the Litigation**

11.      As reflected in the attached billing records, I am requesting payment for a total of 185.2 hours in connection with litigating the claims in this case.  I am also requesting payment of 19.7 hours spent in conjunction with preparing the motion for attorney's fees and supporting

4

documents.

12.     I am requesting payment for 20.9 hours expended by my paralegal, Mary C. Lakey, in connection with this case.

13.     A detailed list of the time expended and the time for which compensation is sought as to my and Ms. Lakey's time with regard to this case is attached hereto and is incorporated herein by reference.   The time entries attached hereto include the date of the entry, the name of the timekeeper, a description of the specific task; and the actual time involved.

14.     The time entries were made contemporaneously and records the time actually spent engaged in the task listed.   Time is kept in tenths of an hour.   There is a separate time entry for each task and no time is aggregated or bundled.

## Billing Judgment

15.     This request for attorney fees compensation reflects the exercise of billing judgment to ensure the elimination of time that reflects inefficiencies, unnecessary work, duplication of effort, or time that would not have been appropriately billed to a client paying for services by the hour.   I have also edited the time records of Ms. Lakey in the same manner.

16.     The time records that support the motion for attorney fees do not include many hours communicating with my clients about the status of the case, questions about strategy, settlement, and C.W.'s current and ongoing educational needs.   While some email correspondence has been billed, the majority of email correspondence was not billed.   The time records also do not include many hours of legal research expended in assessing the legal complexities of this case.

17.     No time was billed for conferences between myself and my paralegal about strategy

5

and the handling of this case, or my consultations with my partners about legal strategy and litigation decisions - all of which added value to the case.

18.     The attorney fees and paralegal time for which Plaintiff seeks compensation were reasonably expended and necessary in the course of prosecuting this litigation.

I declare under penalty of perjury that the foregoing is true.

Jack D. Robinson, Reg. # 22037
Spies, Powers & Robinson, P.C.

6