**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger**

Civil Action No. 17-cv-02462-MSK-STV

C.W., a minor,
by and through his parents B.W. and C.B.,

      Plaintiffs,

v.

DENVER COUNTY SCHOOL DISTRICT NO. 1,

      Defendant.

---

**OPINION AND ORDER GRANTING MOTION FOR ATTORNEY FEES AND
GRANTING IN PART AND DENYING IN PART
MOTION TO REVIEW AWARD OF COSTS**

---

**THIS MATTER** comes before the Court pursuant to Plaintiffs' Motion for Attorney Fees **(# 67)**, the Defendant's response **(# 74)**, and Plaintiffs' reply **(# 75)**; and Defendant's Motion to Review Award of Costs **(# 70)**, Plaintiffs' response **(# 73)**, and the Defendant's reply **(# 81)**. For the reasons that follow, the motion for attorney fees is granted, and the motion to review award of costs is granted in part and denied in part.

## I.  BACKGROUND

The Court assumes the reader's familiarity with the claims and underlying proceedings in this case. It is sufficient to observe that Plaintiff C.W., a minor child enrolled in the Defendant Denver County School District (the "District"), is entitled to special education and related services pursuant to the Individuals with Disabilities Education Act ("IDEA"). C.W.'s parents initiated this case by filing an Amended Complaint **(# 16)**, the operative pleading, seeking review and reversal of the ALJ's determination pursuant to 20 U.S.C. §1415(C). The Amended

1

Complaint also alleged various claims pursuant to § 504 of the Rehabilitation Act of 1973, Title II of the Americans with Disabilities Act ("ADA"), and the Equal Protection Clause of the Fourteenth Amendment to the Constitution.

On September 25, 2019, the Court issued an Order and Opinion finding that the ALJ erred in concluding that C.W.'s 2017 IEP provided him a free appropriate public education ("FAPE").  **(# 62 at 11-12)**.  Specifically, the Court found the "District's failure to designate a facility to meet C.W.'s needs was the equivalent of providing none and failing to admit that it could not provide required services.  The ambiguity in the IEP impaired C.W.'s receipt of educational services and prevented his parents from exercising procedural and substantive rights on his behalf.  As a result, he was denied a FAPE."  **(# 62 at 12)**.  Accordingly, the Court reversed the ALJ's determination and remanded the matter to the ALJ to determine the relief to which C.W. is entitled during the period the 2017 IEP was operative.  **(# 62 at 12)**.  The Opinion also dismissed Plaintiffs' remaining non-IDEA claims for failure to exhaust under the IDEA's exhaustion provision.  **(# 62 at 16-17)**.  Notably, the Opinion explained that "[t]he non-IDEA claims are simply alternative legal theories seeking to redress the same conduct — the District's failure to offer C.W. a free appropriate public education."  **(# 62 at 17)**.

On September 25, 2019, Final Judgment **(# 63)** entered in favor of Plaintiffs and against the District.  Then, on October 16, 2019, the Clerk of the Court taxed $1,973.59 in costs against the District.  **(# 68)**.  Plaintiffs now seek an award of $75,485.00[1] in attorney fees pursuant to 20 U.S.C. §1415(i)(3)(B).  The District opposes this request and seeks to reduce the award of costs.

---

[1]     This amount includes an additional request of $1,750.00 for fees attributable to the pending motion for attorney fees.

## II.  DISCUSSION

*Motion for Attorney Fees*

The IDEA contains a fee-shifting provision which allows a "prevailing party" to recover its "reasonable attorneys' fees as part of the costs to the parents of a child with a disability who is the prevailing party." 20 U.S.C. § 1415(i)(3)(B). To determine whether a party prevails for purposes of attorney fees under the IDEA, "actual relief on the merits of the child's claim [must] materially alter[] the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *M.S. ex rel. J.S. v. Utah Schools for Deaf and Blind*, 822 F.3d 1128, 1136 (10th Cir. 2016). Here, the District contends that because Plaintiffs only achieved minimal success on the merits, they are not a prevailing party for purposes of awarding attorney fees, and thus, the statute does not apply. The Court disagrees.

The September 25, 2019 Opinion identified the limited issue raised on appeal -- whether the ALJ erred in finding that C.W.'s 2017 IEP provided him a FAPE; thus, the decision was reversed, and the matter remanded for an award of appropriate relief. **(# 62 at 12)**. This determination – a decision on the merits -- constitutes more than *de minimus* or technical success by the Plaintiffs on their claim. It materially alters the legal relationship between the District and the Plaintiffs.

To the extent the District argues that the dismissal of non-IDEA claims should somehow undermine Plaintiffs' status as the prevailing party, the Court disagrees. The Opinion expressly stated that the gravamen of the Amended Complaint was the claim for the denial of a FAPE **(# 62 at 16),** precisely the issue upon which Plaintiffs prevailed. "The only real difference between the IDEA appeal and federal claims is not in their substance, but in C.W.'s procedural request for

monetary damages [], which are unavailable under the IDEA. The non-IDEA claims are simply alternative legal theories seeking to redress the same conduct — the District's failure to offer C.W. a free appropriate public education." (**# 62 at 16-17**). Thus, the dismissal of the non-IDEA claims does not preclude an award of attorney fees to Plaintiffs. The Court finds Plaintiffs, as the prevailing party, are entitled to an award of reasonable attorney fees.

The Plaintiffs' motion requests $75,485.00[2] in attorney fees for work expended in pursuit of this action in the District Court[3] and on the pending motion for fees, reflecting 209.9 hours billed by one attorney at a $350.00 per hour billing rate and 20.9 hours billed by one paralegal at $100.00 per hour. (**# 67 at 4, # 75 at 7**). The District's response is that the attorney fees should be reduced due to lack of success on the merits and general "overbilling". (**# 74**).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (citations omitted); *see Zisumbo v. Ogden Regional Medical Center*, 801 F.3d 1185, 1207 (10th Cir. 2015). "This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* In other words, "[t]o determine the reasonableness of a fee request, a court must begin by calculating the so-called lodestar amount of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a reasonable fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998) (quotations and citations omitted); *see Flitton v. Primary Residential*

---

[2] Plaintiffs' counsel represents he incurred $73,735.00 in attorney fees related to the pursuit of this action and $1,750.00 related to the pending motion for fees. (**# 75 at 7**).

[3] C.W.'s parents filed their due process complaint *pro se* and were not represented by counsel at the administrative hearing. Therefore, they do not seek fees or costs related to that proceeding. (**# 67 at 3 n.1**).

4

*Mortgage, Inc.*, 614 F.3d 1173, 1176-77 (10th Cir. 2010). "The lodestar calculation is the product of the number of attorney hours reasonably expended and a reasonable hourly rate." *Id.* (quotation omitted). This calculation, however, does not end the district court's inquiry when the prevailing party succeeds on only some of the asserted claims. *Hensley*, 461 U.S. at 434, 103 S.Ct. 1933. Indeed, the Supreme Court has instructed that in such cases, two additional questions must be considered: (1) whether the plaintiff's' successful and unsuccessful claims were related; and (2) whether the plaintiffs' overall level of success justifies a fee award based on the hours expended by plaintiff's' counsel. *Id.*

      A.      <u>Plaintiffs' Degree of Success</u>

The first and most critical factor in determining the reasonableness of a fee award is the degree of success obtained. *M.S.*, 822 F.3d at 1137-38; *Farrar v. Hobby, Jr.*, 506 U.S. 103, 114 (1992); *Hensley*, 461 U.S. at 436.

The District argues that the attorney fees incurred in conjunction with the dismissed non-IDEA claims should be denied. It is true that when a plaintiff failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee. *Hensley*, 461 U.S. at 440. However, if a plaintiff presents several related claims, failure on some claims should not preclude full recovery of attorney fees if the plaintiff achieves success on a "significant", interrelated claim. *Latin v. Bellio Trucking, Inc.*, 720 F'Appx. 908, 911 (10th Cir. 2017); *Jane L. v. Bangerter*, 61 F.3d 1505, 1512 (10th Cir. 1995). Claims are related so long as they are based on a common core of facts or are based on related legal theories and "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete

claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *M.S.*, 822 F.3d at 1137-38 (quoting *Hensley*, 461 U.S. at 435).

Here, Plaintiffs' Amended Complaint alleged three non-IDEA causes of action - violation of the Rehabilitation Act, ADA, and Equal Protection Clause. All of the claims were premised on the same facts and the non-IDEA claims were not dismissed on their merits, but rather for failure to exhaust remedies prior to bringing this action. In short, the non-IDEA claims were simply alternative theories for relief that were not procedurally ripe. As a result, the Court rejects the District's contention that the dismissed non-IDEA claims are unrelated to the IDEA claim. Even if the non-IDEA claims were unrelated to the IDEA claim, the Court would be disinclined to reduce billing entries by 75% as requested by the District. Such calculation is purely mechanical devoid of any recognition of the factual overlap among the claims. *See M.S.*, 822 F.3d at 1137. The fact that the Plaintiffs did not obtain all of the relief that they requested in conjunction with the non-IDEA claims does not change the fact that the central issue – did the District deny C.W. a FAPE – was resolved. This determination and the subsequent remand was a substantial success by the Plaintiffs. *See Hensley*, 461 U.S. at 435 n.11 (finding that it is not "necessarily significant" that a prevailing plaintiff did not receive all the relief requested).

      B.      <u>Reasonableness of Hours Expended</u>

Finally, the Court addresses the District's assertion that Plaintiffs' fee award must be reduced based on "overbilling" – billing for an unreasonable amount of time for the tasks performed. **(# 74 at 15)**. Particularly, the District contends that the smallest increment of time allotted – 12 minutes – should have been reduced to six minutes for particular tasks. **(# 74 at 15)**. The challenge is directed to billing entries for receiving and analyzing routine Court orders,

minute orders, courtroom minutes, and email correspondence from opposing counsel. **(# 74 at 15)**.

In determining the reasonableness of the hours expended, a court considers several factors, including: (1) whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering; (2) whether the amount of time spent is reasonable in relation to counsel's experience; and (3) whether the billing entries are sufficiently detailed, showing how much time was allotted to specific task. *Shaw v. AAA Engineering & Drafting, Inc.*, 213 F.3d 538, 542 (10th Cir. 2000) (citing *Ramos v. Lamm*, 713 F.2d 546, 553-54 (10th Cir. 1983)). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433; *Roth v. Coleman,* 438 F'Appx. 725, 727 (10th Cir. 2011). The 10th Circuit has noted that "[c]ounsel for the party claiming the fees has the burden of proving hours to the district court by submitting meticulous, contemporaneous time records that reveal, for each lawyer for whom fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks." *Case v. Unified School Dist. No. 233, Johnson County, KS*, 157 F.3d 1243, 1250 (10th Cir. 1998). Once the court has adequate time records before it, "it must then ensure that the winning attorney has exercised 'billing judgment.'" *Case*, 157 F.3d at 1250 (quoting *Ramos*, 713 F.2d at 553). "Billing judgment consists of winnowing the hours actually expended down to the hours reasonably expended." *Id*.

Though not required to do so, the Court conducted a thorough review of Plaintiffs' counsel's billing statement, which adequately details the nature of the task performed, who performed the task, and the time expended on each task. "[T]rial courts need not, and indeed should not, become green eye-shade accountants. The essential goal in shifting fees (to either

7

party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838, 131 S.Ct. 2205, 2216, 180 L.Ed.2d 45 (2011). Based on that review, the Court finds the time devoted to certain tasks appears reasonable, and the hours billed are proportionate to the experience of the attorney who billed those hours. For example, attorney Jack Robinson states he has practiced special education law for 22 years and, thus, he is able to complete tasks in an efficient manner. The Court disagrees with the District's categorical assertion that Mr. Robinson should have reviewed all of the identified filings and emails in six minutes or less. There is no support for such a broad contention, nor for it in the context of particular entries. The District has not submitted any evidence of a customary billing practice at odds with that used by Mr. Robinson, nor any detailed objection to any specific entry. The Court notes that Mr. Robinson exercised billing judgment by editing his paralegal's billing statement, omitting his charges for time spent communicating with Plaintiffs and colleagues, and for researching legal issues. **(# 67-1)**. He also removed a duplicate billing entry. **(# 75)**. In the absence of a showing by the District that Mr. Robinson's practices were unusual relative to other professionals or a specific showing as to a specific entry, the Court assumes that the use of the 12 minute segment is a rough estimate of the time necessary for the tasks specified, noting that some may have taken less than the time allotted and some may have taken more, but that on the whole Mr. Robinson properly exercised his billing judgment is allotting the time for a group of similar tasks.

The lodestar calculation is: 209.9 hours x $350 = $73,465 for Mr. Robinson + 20.9 hours x $100.00 = $2090 for his paralegal, Ms. Lakey. The presumptively reasonable lodestar amount totals $75,555, however $70 has been deducted for a duplicate billing entry. **(#67, # 75)**. Thus, the Court awards the Plaintiffs $75,485.00 in fees pursuant to 20 U.S.C. § 1415(i)(3)(B).

### *Motion to Review Award of Costs*

Following the Court's Final Judgment in favor of Plaintiffs and against the District, the Plaintiffs tendered their bill of costs for review by the Clerk of the Court in the amount of $1,973.59. **(# 66)**. On October 16, 2019, the Clerk taxed costs against the District in the total amount of $1,973.59. **(# 68)**. Through this motion, the District seeks to reduce the award of costs taxed by the Clerk in favor of the Plaintiffs pursuant to Fed. R. Civ. P. 54(d)(1). **(# 70)**.

A. <u>Legal Standards</u>

The Federal Rules of Civil Procedure provide that costs, other than attorney fees, "should be allowed to the prevailing party" unless "a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d). The term "costs" as used in Rule 54(d) allows a judge or clerk of any court of the United States to tax costs for transcripts and copies "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4); *In re Williams Securities Litigation*, 558 F.3d 1144, 1147 (10th Cir. 2009). "A prevailing party bears the burden of establishing the amount of costs to which it is entitled." *Id.* at 1148. The 10th Circuit has "establish[ed] that the amount a prevailing party requests must be reasonable. Once a prevailing party establishes its right to recover allowable costs, however, the burden shifts to the 'non-prevailing party to overcome the presumption that these costs will be taxed." *Id.*

B. <u>Analysis</u>

The District iterates its argument that Plaintiffs are not a prevailing party in this action and further claims that the Clerk erred in taxing costs for several depositions. For the reasons previously stated, the Court rejects the District's first argument. Turning to whether the deposition costs should be taxed, the Court asks (1) whether Plaintiffs' requests are reasonable,

9

and if so, (2) whether the District's pleadings are sufficient to overcome the presumption that the costs of the depositions identified by the Clerk should be taxed.

The "necessarily obtained for use in the case" standard articulated in 28 U.S.C. § 1920 allows prevailing parties to recover costs for materials that are "reasonably necessary to the litigation of the case." *In re Williams*, 558 F.3d at 1148 (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000)). "[A] prevailing party may not recover costs for materials that merely 'added to the convenience of the counsel' or the district court.'" *Id.* at 1147.

The 10th Circuit has rejected the argument "that a district court may only award costs for depositions the district court actually used in deciding summary judgment." *Id.* at 1149. "[M]aterials may be taxable even if they are not 'strictly essential' to the district court's 'resolution of the case.'" *Id.* at 1148 (quoting *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1550 (10th Cir. 1987)). Because the "standard is one of reasonableness," if materials or services are "reasonably necessary for use in the case, even if they are ultimately not used to dispose of the matter, the district court can find necessity and award the recovery of costs." *Id.* (quoting *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998)).

The "necessarily obtained for use in the case" standard acknowledges that "caution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation …" *Callicrate*, 139 F.3d at 1340 (quotations omitted). The 10th Circuit has been unwilling to "penalize a party who happens to prevail on a dispositive motion by not awarding costs associated with that portion of discovery which had no bearing on the dispositive motion, but which appeared otherwise necessary at the time it was taken for proper preparation of the case." *Id.* Further, any "rule that permits costs only for depositions received in evidence or used by the court in ruling upon a motion for summary judgment is

10

narrower than section 1920." *Merrick v. Northern Natural Gas Company*, 911 F.2d 426, 434 (10th Cir. 1990).

The District objects to costs associated with the depositions of Gene Bamesberger and the Plaintiffs. In response, the Plaintiffs maintain that depositions and resulting transcripts were reasonably necessary at the time taken. The Court agrees as to Mr. Bamesberger only.

Reasonableness must be based on the "particular facts and circumstances at the time the expense was incurred" and not with the "benefit of hindsight." *In re Williams*, 558 F.3d at 1148 (citation omitted). Plaintiffs assert that the deposition testimony of Gene Bamesberger was reasonably necessary to establish that the District did not find a residential treatment facility that would accept C.W. or that was able to implement the February 2017 IEP. Both parties referred to Mr. Bamesberger's testimony in their briefing and attached portions of his deposition transcripts as exhibits. **(# 56-1, # 57-3, # 58 at 12, 19).**

Plaintiffs also argue that the deposition testimony of Plaintiffs C.W. and B.W. was reasonably necessary in that the District relied upon such testimony in its briefing. **(# 57 at 21, 38-39)**. The Court disagrees. It is unclear how the *District* citing to this testimony in its briefing makes the depositions "reasonably necessary" and Plaintiffs offer no further support. In this circumstance, it would have been appropriate for the Plaintiffs to present their own testimony by affidavit in order to adequately brief the merits of the IDEA appeal. Thus, as to the Plaintiffs depositions, the District overcame the presumption that the associated costs are reasonable and should be taxed.

Accordingly, the Court denies the District's motion as to costs associated with the deposition of Gene Bamesberger and grants the motion as to costs associated with the Plaintiffs'

11

depositions. The Clerk's Award of Costs shall be reduced by the amount of costs associated with the Plaintiffs' depositions.

## III.  CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion for Attorney Fees **(# 67)** is **GRANTED** to the extent that the Plaintiffs are awarded **$75,485.00** in fees against the District pursuant to 20 U.S.C. § 1415(i)(3)(B).  Further, Defendant's Motion to Review Award of Costs **(# 70)** is **GRANTED IN PART AND DENIED IN PART** as set forth above.

Dated this 29th day of July, 2020.

**BY THE COURT:**

_____

Marcia S. Krieger
Senior United States District Judge